SHORES, Justice.
This is an action for medical benefits under a health insurance policy. The plaintiff, Carey Noye, Jr., claimed benefits on his health insurance policy, which were denied. On August 28, 1988, Noye sued Consultants and Administrators Insurance Company, Inc., and All American Life Insurance Company, Inc., for those benefits.
The insurance defendants moved for a summary judgment on August 12, 1992, asserting that the group health insurance policy the plaintiff had purchased was an employee benefit plan under the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. § 1001 et seq., and that the plaintiffs state law claims were thus preempted by ERISA.
At the hearing on that motion, the trial judge entered a summary judgment for the insurance defendants on all claims, except the claim for benefits under the insurance policy, on the grounds that 29 U.S.C.A. § 1144(a) of ERISA preempted them. At a bench trial held December 20, 1991, the trial judge found the insurance contract to be an employee benefit plan under ERISA, and entered a judgment in the amount of $3,287 in favor of the plaintiff for benefits under the contract of insurance. The plaintiff appealed; the insurance defendants cross appealed.
The Court of Civil Appeals held that a fact question existed as to whether the policy is excluded from the application of ERISA under the United States Department of Labor Regulations, 29 C.F.R. § 2510.3 — l(j); it reversed the summary judgment as to the plaintiffs state common law claims and affirmed the award made by the trial court under the contract, which the trial court had held to be an ERISA contract. 627 So.2d 938.
We granted certiorari review to determine if this holding by the Court of Civil Appeals is consistent, and we conclude that it is not. The $3,237 judgment for benefits under the contract of insurance, which the Court of Civil Appeals has affirmed, is based upon the case being tried as an ERISA case. If ERISA is not applicable, as the Court of Civil Appeals has reasoned, then all claims should be tried as common law claims.
The insurance defendants argue that the Court of Civil Appeals erred in holding that a fact question existed as to whether the policy is excluded from the application of ERISA under the Department of Labor Regulations, 29 C.F.R. § 2510.3 — l(j). They argue that an insurance plan must meet each of the elements of § 2510.3-l(j) to be excluded from ERISA. We agree. The evidence reflects that the plaintiffs employer selected, endorsed, and participated in the group insurance plan. This makes § 2510.-3(j) inapplicable, because under § 2510.3-l(j)(2) the employer’s sole function must be the collection of premiums. Therefore, the trial court did not err in holding ERISA applicable in this case.
We do not agree, however, with the insurance defendants’ contention that the trial court erred in awarding the plaintiff a judgment in the amount of his claim for benefits under the health insurance policy, and we adopt the reasoning of the Court of Civil Appeals as to this issue.
For the reasons stated above, we affirm that portion of the judgment of the Court of Civil Appeals affirming the $3,237 award of benefits under the contract of insurance. We reverse that portion of the judgment of the Court of Civil Appeals that reversed summary judgment on the plaintiffs other claims, which are either preempted by ERISA or for which the plaintiff did not present substantial evidence to withstand the motion for summary judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.